**Brian N. Lathen, OSB No. 043374**
blathen@slamlaw.com
3040 Commercial Street S.E.
Suite 200
Salem, OR 97302
Telephone:     (503)581-2421
Facsimile:     (503)588-7179

*Attorney for Plaintiff Mark A. Meleason, P/R*
*Of the Estate of Marganne M. Allen, Dec'd.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MARK A. MELEASON** Personal Representative of the Estate of **MARGANNE M. ALLEN**, Deceased. | Civil Action No. |
| Plaintiff, | COMPLAINT |
| v. | CLAIM FOR RELIEF (PERSONAL INJURY/WRONGFUL DEATH) |
| **UNITED STATES OF AMERICA, SAMUEL TROY LANDIS, DRUG ENFORCEMENT ADMINISTRATION (DEA), SALEM POLICE DEPARTMENT, CITY OF SALEM, STATE OF OREGON, OREGON STATE POLICE and OREGON DEPARTMENT OF JUSTICE** | DEMAND FOR JURY TRIAL |
| Defendants | |

/ / / /

P a g e | **1** COMPLAINT

Plaintiff complains and alleges that:

1

This Complaint arises from the untimely death of Marganne M. Allen, ("Decedent").

Decedent died from injuries caused by a vehicle versus bicycle collision that occurred on March 28, 2023, in Salem, Marion County, Oregon.

## JURISDICTION AND VENUE

There is diversity of citizenship of the parties adverse in this matter.

2

The amount of controversy exceeds the minimum requirements of 28 U.S.C. § 1332(a).

3

Plaintiff's Decedent's injuries and death occurred in Salem, Marion County, Oregon. Venue is appropriate in the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4

During all times herein mentioned, Mark A. Meleason is the duly appointed Personal Representatives of the Estate of Marganne M. Allen, Dec'd. Letters of Administration have been issued to him in Marion County Circuit Court Case No. 23PB03847.

/ / / /
/ / /
/ /

P a g e | **2** COMPLAINT

Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

5

During all times alleged herein, Defendant Samuel Troy Landis ("Defendant Landis") was acting in the course and scope of his employment with Defendant the United States of America/Drug Enforcement Administration ("DEA"); and at all times material herein was authorized to do business in the State of Oregon.

6

During all times herein mentioned, Defendant Salem Police Department/City of Salem ("Salem PD") was working in conjunction with Defendant DEA and Defendant Landis on a task force for drug enforcement.

7

During all times herein mentioned, Defendant State of Oregon/Oregon State Police ("OSP") was working in conjunction with Defendant DEA and Defendant Landis on a task force for drug enforcement.

**FACTS**

8

During all times mentioned herein, Defendants DEA, Salem PD, and OSP formed a drug enforcement task force with the intent to stop the flow of drugs in the Salem, Marion County, Oregon area.

9

During all times mentioned herein, Defendants DEA, Salem PD, and OSP allowed its above-mentioned task force agents, including Defendant Landis, to disobey Oregon State traffic laws during their task force duties. During all times mentioned herein, the traffic laws were in

P a g e | **3** COMMPLAINT

place to protect people such as Plaintiff's Decedent from injury/death.

10

During all times herein mentioned, High Street SE was and is a duly dedicated public thoroughfare running in a generally north and south direction near the intersection of Leslie Street SE, in Salem, Marion County, Oregon.

11

During all times herein mentioned, Leslie Street SE was and is a duly dedicated public thoroughfare running in a generally east and west direction near the intersection of High Street SE, in Salem, Marion County, Oregon. At said point the streets intersect.

12

On or about March 28, 2023, at approximately 3:44 p.m., Plaintiff's Decedent was riding a bicycle in a southerly direction on High Street SE., approaching the intersection of Leslie Street SE, Salem, Marion County, Oregon. Oregon.

13

At all times herein mentioned, Defendant Samuel Troy Landis, Defendant DEA, Defendant Salem PD, and Defendant OSP were doing a surveillance of a potential drug dealer. During all times mentioned herein, there were no exigent circumstances surrounding the surveillance where any of the task force members needed to speed or disobey traffic control devices to accomplish their task. At all times mentioned herein Defendant Lanids was traveling in an easterly direction on Leslie Street, S.E., approaching the stop sign at the intersection with High Street SE in Salem, Marion County, Oregon.

14

At all times herein mentioned, Defendant Landis was speeding through the residential

P a g e | **4** COMPLAINT

neighborhood, failed to stop at the duly posted stop sign, and collided with Plaintiff's Decedent.

As a result of the collision and injuries, Plaintiff's Decedent succumbed to her serious injuries and passed away shortly after arrival at the emergency room.

15

Pursuant to ORS 30.275, on January 30, 2024, Plaintiff's Decedent gave timely notice to Defendants City of Salem, Salem Police Department, State of Oregon, Oregon State Police and Oregon Department of Justice.

16

During all times mentioned herein, Defendants, and each of them, had the duty to train Defendant Landis on how to safely and properly drive his vehicle while working surveillance in the task force.

**FIRST CLAIM FOR RELIEF**
**(Negligence – All Defendants)**

17

Plaintiff realleges Paragraphs 1 through 16 as set forth herein.

18

Said collision resulted from the negligent acts of Defendants as hereinafter set forth, causing personal injury/death to Plaintiff's Decedent as hereinafter set forth.

19

At the aforementioned time and place of the collision, Defendants, and each of them, by and through their employee/agent Defendant Landis were negligent in the following particulars:

1.      They failed to keep and maintain a proper or adequate lookout;

P a g e | **5** COMPLAINT

2.    They failed to keep their motor vehicle under a proper or adequate control to avoid striking bicyclists then and there lawfully upon the said highway;

3.    They operated their vehicle at a speed which was greater than was reasonable and prudent, with due regard to circumstances and conditions then and there existing;

4.    They violated ORS 811.280, Failure to Yield Right of Way;

5.    They violated ORS 811.265, Failure to Obey a Traffic Control Device;

6.    They violated ORS 811.135, driving in a manner that endangered others; and

7.    They violated ORS 811.135, by carelessly driving their vehicle in a manner that endangered people on said roadway.

20

At the aforementioned time and place of the collision, Defendants DEA, OSP, and City of Salem, and each of them, were negligent in the following particulars:

1.    They failed to properly train Defendant Landis on how to safely and properly drive his vehicle while performing surveillance as part of the drug enforcement task force, when they knew, or should have known improper training would result in harm to people such as Plaintiff's Decedent;

2.    They failed to properly supervise Defendant Landis, when they knew, or should have known improper supervision would result in a potential injury/death of a civilian such as Plaintiff's Decedent;

3.    They failed to properly plan the surveillance on the date of Plaintiff's Decedent's death when they knew, or should have known a poorly planned surveillance would lead to the injury/death of people such as Plaintiff's Decedent; and

P a g e  | **6** COMPLAINT

4. They failed to form a proper policy on how and when an agent such as Defendant
   Landis can/should disobey state traffic laws, when they knew, or should have known
   an improper policy could lead to injuries/death of civilians.

21

The negligent acts of the Defendants, and each of them, as hereinabove alleged were the
sole, direct and proximate cause of the collision between the Defendant Landis and Plaintiffs'
Decedent as hereinabove referred to.

22

As a sole, direct and proximate result of the negligent acts of the Defendants, and each of
them, as hereinabove alleged, and of the collision hereinabove alleged, Plaintiff's Decedent
sustained the following injuries:

1. Blunt Force Trauma;

2. Loss of blood;

3. Shock;

4. Acute respiratory failure;

5. Facial laceration

6. Knee contusions;

7. Traumatic cardiac arrest;

8. Multiple rib fractures;

9. Loss of consciousness;

10. Facial abrasions/lacerations; and

11. Loss of life.

P a g e | **7** COMPLAINT

Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

Said injuries are permanent in nature.

23

As a result of Plaintiff's decedents' negligence, Plaintiff's decedent's family suffered economic harm: including, but not limited to, economic losses in the form of medical expenses in the amount of $30,000.00; funeral expenses in the amount of $1,480.00; future impairment of earning capacity in the amount of $2,500,000.00 entitling economic damages as hereinabove mentioned.

24

The negligence of Defendants, and each of them, was a substantial factor in causing the death of Plaintiff's Decedent. The negligence of Defendants also caused Plaintiff's Decedent mental and physical pain and suffering, mental anguish and emotional distress.  Plaintiff's Decedent's death resulted in the loss of society, companionship and services of her surviving heirs.  All these losses result in Decedent's and Decedent's Estate's non-economic damages in a fair and just amount to be determined at the time of trial.

**SECOND CLAIM FOR RELIEF**
**(42 USC 1983; 14th Amendment- Equal Protection Clause)**

25

As applicable, Plaintiff realleges and incorporates the above.

/ / / /
/ / /
/ /
/

Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

26

Plaintiff's decedent had a right under the 14th Amendment to a liberty interest in her own personal security prior to her untimely death. Marganne Allen has a right under the 14th Amendment to a liberty interest in her own personal security.

27

Defendant Landis was acting under color of state and federal law on March 28, 2023, when he engaged in the conduct alleged above.

28

By his actions alleged above, Defendant Landis exposed Plaintiff's decedent to a known, or obvious danger. Defendant Landis knew there were no exigent circumstances during the surveillance, but decided to speed, disobey traffic control devices, and drive carelessly. Defendant Landis acted with deliberate indifference to the lives of those around the residential area, including Marganne Allen.

29

Defendant Landis, by his actions, affirmatively put Plaintiff's Decedent in a position of danger and increased risk of harm and death to her.

30

Defendant Landis' actions violated Plaintiff's Decedent's Equal Protection rights as guaranteed by the 14th amendment.

/ / / /

/ / /

P a g e | **9** COMPLAINT

Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

31

Defendant Landis' acts as described herein were the proximate cause of Plaintiff's

Decedent's injuries and death.  Plaintiff is entitled to compensation from Defendants, and each of

them, for her injuries, including death, physical and mental distress, pain, suffering, fear, panic

and trauma in the sum as the jury may deem reasonable and just to compensate for the harms and

losses that flowed from Defendants' actions.

32

Plaintiff is entitled to reimbursement of their reasonable attorney fees and costs pursuant

to 42 USC Section 1988 and 28 USC Section 1927.

33

Plaintiff is entitled to punitive damages from Defendants to punish and deter him and

others from similar conduct in the future.

**THIRD CLAIM FOR RELIEF**
**(Wrongful Death-ORS 30.020)**

34

As applicable, Plaintiff realleges and incorporates the above.

35

Defendant Landis was acting within the course and scope of his employment with the

United States Federal Government when he intentionally disobeyed traffic laws, drove carelessly

and dangerously, putting a high risk of injury/death to civilian life.   As a result of Defendant

Landis' wrongful acts or omissions, Plaintiff's decedent died.

P a g e | **10**  COMPLAINT

Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

36

As a result of Plaintiff's decedent's wrongful death, Plaintiff's decedent's family suffered

economic harm: including, but not limited to, economic losses in the form of medical expenses

in the amount of $30,000.00; funeral expenses in the amount of $1,480.00; future impairment of

earning capacity in the amount of $2,500,000.00 entitling economic damages as hereinabove

mentioned.

37

The negligence of Defendants, and each of them, was a substantial factor in causing the

death of Plaintiff's Decedent. The negligence of Defendants also caused Plaintiff's Decedent

mental and physical pain and suffering, mental anguish and emotional distress.  Plaintiff's

Decedent's death resulted in the loss of society, companionship and services of her surviving

heirs.  All these losses result in Decedent's and Decedent's Estate's non-economic damages in a

fair and just amount to be determined at the time of trial.

**PRAYER**

38

Plaintiff demands a jury trial.

WHEREFORE Plaintiff prays for judgement as follows:

On Plaintiff's Claim for Relief for economic damages in the sum of $2,531,480.00; and

/ / / /

/ / /

/ /

P a g e | **11**  COMPLAINT

Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

for non-economic damage in an amount to be determined at trial by the jury.

Plaintiff also seeks his costs and disbursement necessarily and attorney fees incurred

herein.

Dated this ___12th___ day of ___February_____, 20<u>25</u> .

SWANSON, LATHEN, PRESTWICH, P.C.

By:   ___/s/Brian N. Lathen_____
Brian N. Lathen, OSB #043374
Attorney for Plaintiff
e-mail: blathen@slamlaw.com
FAX: 503.588.7179

P a g e | **12** COMPLAINT

Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421