**Brian N. Lathen, OSB No. 043374**
blathen@slamlaw.com
3040 Commercial Street S.E.
Suite 200
Salem, OR 97302
Telephone: (503)581-2421
Facsimile: (503)588-7179

*Attorney for Plaintiff Mark A. Meleason, P/R*
*Of the Estate of Marganne M. Allen, Dec'd.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**MARK A. MELEASON** Personal Representative of the Estate of **MARGANNE M. ALLEN**, Deceased.

Plaintiff,

v.

**UNITED STATES OF AMERICA, SALEM POLICE DEPARTMENT, and CITY OF SALEM,**

Defendants

Civil Action No. 6:25-cv-00232-MTK

AMENDED COMPLAINT

CLAIM FOR RELIEF (PERSONAL INJURY/WRONGFUL DEATH)

DEMAND FOR JURY TRIAL

Plaintiff complains and alleges that:

1

This Complaint arises from the untimely death of Marganne M. Allen, ("Decedent").

Decedent died from injuries caused by a vehicle versus bicycle collision that occurred on March 28, 2023, in Salem, Marion County, Oregon.

**JURISDICTION AND VENUE**

Pursuant to 28 U.S.C. § 2401, Plaintiff completed the Claim for Damage, Injury, or Death, Standard Form 95, on March 5, 2025 and served such notice on the U.S. Department of Justice, Drug Enforcement Administration, Office of the Chief Counsel, on March 5, 2025 by Certified Mail.

Pursuant to 28 C.F.R. §14.9, Plaintiff's claim was denied on October 1, 2024.

The Court has supplemental jurisdiction under 28 U.S.C. §1367 which allows the court to hear a claim over which it does not have independent subject-matter jurisdiction and the claim is related to a claim over which the court has jurisdiction.

2

Plaintiff's Decedent's injuries and death occurred in Salem, Marion County, Oregon. Venue is appropriate in the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

3

During all times herein mentioned, Mark A. Meleason is the duly appointed Personal Representatives of the Estate of Marganne M. Allen, Dec'd. Letters of Administration have been issued to him in Marion County Circuit Court Case No. 23PB03847.



Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

4

During all times alleged herein, Samuel Troy Landis ("Landis") was acting in the course and scope of his employment with Defendant the United States of America; and at all times material herein was authorized to do business in the State of Oregon.

5

During all times herein mentioned, Defendant Salem Police Department/City of Salem ("Salem PD") was working in conjunction with Landis on a task force for drug enforcement.

**FACTS**

6

During all times mentioned herein, Defendants United States of America and Salem Police Department and the State of Oregon formed a drug enforcement task force with the intent to stop the flow of drugs in the Salem, Marion County, Oregon area.

7

During all times mentioned herein, Defendants United States of America and Salem Police Department allowed its above-mentioned task force agents, including Landis, to disobey Oregon State traffic laws during their task force duties. During all times mentioned herein, the traffic laws were in place to protect people such as Plaintiff's Decedent from injury/death.

8

During all times herein mentioned, High Street SE was and is a duly dedicated public thoroughfare running in a generally north and south direction near the intersection of Leslie Street SE, in Salem, Marion County, Oregon.

9

During all times herein mentioned, Leslie Street SE was and is a duly dedicated public



Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

thoroughfare running in a generally east and west direction near the intersection of High Street SE, in Salem, Marion County, Oregon. At said point the streets intersect.

10

On or about March 28, 2023, at approximately 3:44 p.m., Plaintiff's Decedent was riding a bicycle in a southerly direction on High Street SE., approaching the intersection of Leslie Street SE, Salem, Marion County, Oregon.

11

At all times herein mentioned, Landis and Defendants were doing surveillance of a potential drug dealer. During all times mentioned herein, there were no exigent circumstances surrounding the surveillance where any of the task force members needed to speed or disobey traffic control devices to accomplish their task. At all times mentioned herein Landis was traveling in an easterly direction on Leslie Street, S.E., approaching the stop sign at the intersection with High Street SE in Salem, Marion County, Oregon.

12

At all times herein mentioned, Landis was speeding through the residential neighborhood, failed to stop at the duly posted stop sign, and collided with Plaintiff's Decedent.

As a result of the collision and injuries, Plaintiff's Decedent succumbed to her serious injuries and passed away shortly after arrival at the emergency room.

13

Pursuant to ORS 30.275, on January 30, 2024, Plaintiff's Decedent gave timely notice to Defendants City of Salem and Salem Police Department.

/ / / /



Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

14

During all times mentioned herein, Defendants City of Salem and Salem Police Department, had the duty to train Landis on how to safely and properly drive his vehicle while working surveillance as part of the task force.

**FIRST CLAIM FOR RELIEF**
**(Negligence – All Defendants)**

15

Plaintiff realleges Paragraphs 1 through 14 as set forth herein.

16

Said collision resulted from the negligent acts of Defendants as hereinafter set forth, causing personal injury/death to Plaintiff's Decedent as hereinafter set forth.

17

At the aforementioned time and place of the collision, Defendants, and each of them, by and through their employee/agent Landis were negligent in the following particulars:

1. They failed to keep and maintain a proper or adequate lookout;
2. They failed to keep their motor vehicle under a proper or adequate control to avoid striking bicyclists then and there lawfully upon the said highway;
3. They operated their vehicle at a speed which was greater than was reasonable and prudent, with due regard to circumstances and conditions then and there existing;
4. They violated ORS 811.280, Failure to Yield Right of Way;
5. They violated ORS 811.265, Failure to Obey a Traffic Control Device;
6. They violated ORS 811.135, driving in a manner that endangered others; and



Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

7. They violated ORS 811.135, by carelessly driving their vehicle in a manner that endangered people on said roadway.

18

At the aforementioned time and place of the collision, Defendants City of Salem and Salem Police Department, were negligent in the following particulars:

1. They failed to properly train Landis on how to safely and properly drive his vehicle while performing surveillance as part of the drug enforcement task force, when they knew, or should have known improper training would result in harm to people such as Plaintiff's Decedent;
2. They failed to properly supervise Landis, when they knew, or should have known improper supervision would result in a potential injury/death of a civilian such as Plaintiff's Decedent;
3. They failed to properly plan the surveillance on the date of Plaintiff's Decedent's death when they knew, or should have known a poorly planned surveillance would lead to the injury/death of people such as Plaintiff's Decedent; and
4. They failed to form a proper policy on how and when an agent such as Landis can/should disobey state traffic laws, when they knew, or should have known an improper policy could lead to injuries/death of civilians.

19

The negligent acts of the Defendants, and each of them, as hereinabove alleged were the sole, direct and proximate cause of the collision between the Defendants and Plaintiffs' Decedent as hereinabove referred to.

/ / / /



Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

20

As a sole, direct and proximate result of the negligent acts of the Defendants, and each of them, as hereinabove alleged, and of the collision hereinabove alleged, Plaintiff's Decedent sustained the following injuries:

1. Multiple blunt force trauma injuries;
2. Loss of blood;
3. Shock;
4. Acute respiratory failure;
5. Knee contusions;
6. Traumatic cardiac arrest;
7. Multiple rib fractures;
8. Loss of consciousness;
9. Facial abrasions/lacerations; and
10. Loss of life.

Said injuries are permanent in nature.

21

As a result of Defendant's negligence, Plaintiff's decedent's family suffered economic harm: including, but not limited to, economic losses in the form of medical expenses in the amount of $30,000.00; funeral expenses in the amount of $1,480.00; future impairment of earning capacity in the amount of $2,500,000.00 entitling economic damages as hereinabove mentioned.



Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

22

The negligence of Defendants, and each of them, was a substantial factor in causing the death of Plaintiff's Decedent. The negligence of Defendants also caused Plaintiff's Decedent mental and physical pain and suffering, mental anguish and emotional distress. Plaintiff's Decedent's death resulted in the loss of society, companionship and services of her surviving heirs. All these losses result in Decedent's and Decedent's Estate's non-economic damages in a fair and just amount to be determined at the time of trial.

**SECOND CLAIM FOR RELIEF**
**(Wrongful Death-ORS 30.020)**

23

As applicable, Plaintiff realleges and incorporates the above.

24

During all times herein mentioned, Landis was acting within the course and scope of his employment with the United States Federal Government when he intentionally disobeyed traffic laws, drove carelessly and dangerously, putting a high risk of injury/death to civilian life. As a result of Landis' wrongful acts or omissions, Plaintiff's decedent died.

25

As a result of Plaintiff's decedent's wrongful death, Plaintiff's decedent's family suffered economic harm: including, but not limited to, economic losses in the form of medical expenses in the amount of $30,000.00; funeral expenses in the amount of $1,480.00; future impairment of earning capacity in the amount of $2,500,000.00 entitling economic damages as hereinabove mentioned.



Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

26

The negligence of Defendants, and each of them, was a substantial factor in causing the death of Plaintiff's Decedent. The negligence of Defendants also caused Plaintiff's Decedent mental and physical pain and suffering, mental anguish and emotional distress. Plaintiff's Decedent's death resulted in the loss of society, companionship and services of her surviving heirs. All these losses result in Decedent's and Decedent's Estate's non-economic damages in a fair and just amount to be determined at the time of trial.

**PRAYER**

27

Plaintiff demands a jury trial.

WHEREFORE Plaintiff prays for judgement as follows:

On Plaintiff's Claim for Relief for economic damages in the sum of $2,531,480.00; and

/ / / /

/ / /

/ /

/

/

/

/

/

/



Swanson, Lathen, Prestwich, P.C.
3040 Commercial St. SE Suite 200, Salem, OR 97302
(503)581.2421

for non-economic damage in an amount to be determined at trial by the jury.

Plaintiff also seeks his costs and disbursement necessarily and attorney fees incurred herein.

Dated this 9th day of May, 2025.

SWANSON, LATHEN, PRESTWICH, P.C.

By: */s/Brian N. Lathen*

Brian N. Lathen, OSB #043374
Attorney for Plaintiff
*e-mail: blathen@slamlaw.com*
*FAX: 503.588.7179*