**WILLIAM M. NARUS, CSB #243633**
Acting United States Attorney
District of Oregon
**SARAH E. FELDMAN, OSB #141458**
Assistant United States Attorney
Sarah.Feldman@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Telephone: 503.727.1000
    Attorneys for Defendant United States of America

**BRIAN N. LATHEN, OSB #043374**
blathen@slamlaw.com
3040 Commercial Street S.E., Suite 200
Salem, OR 97302
Telephone: 503.581.2421
    Attorney for Plaintiff

**AARON P. HISEL, OSB #161265**
aaron@capitol.legal
**ELIZABETH A. JONES, OSB #201184**
beth@capitol.legal
Capitol Legal Services
901 Capitol St. NE
Salem, OR 97301
Telephone: 503.480.7250
    Attorneys for Defendants City of Salem and Salem Police Department

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **MARK A. MELEASON**, Personal Representative of the Estate of **MARGANNE M. ALLEN**, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA, et al.**,<br><br>    Defendants. | Case No.: 6:25-cv-00232-MTK<br><br>**JOINT MOTION AND STIPULATION TO STAY CASE** |

Page 1 – JOINT MOTION AND STIPULATION TO STAY CASE

Plaintiff Mark A. Meleason, personal representative of the Estate of Marganne M. Allen, and Defendants Salem Police Department, City of Salem, and the United States of America hereby jointly stipulate and move to stay this matter due to pending criminal proceedings related to the conduct at issue in this case.

In this civil suit, Plaintiff brings tort claims against Defendants for the death of Decedent Marganne Allen. *See* ECF No. 39, First Amended Complaint. Before this civil action was filed, the Marion County District Attorney's Office pursued criminal charges against DEA Special Agent Samuel Landis for conduct related to the allegations in this civil action. Special Agent Landis requested the Court to remove the criminal matter to federal court, and the Court granted the request. *State of Oregon v. Landis*, Case No. 6:23-cr-330-MC (D. Or.). The Court then granted Special Agent Landis' motion to dismiss the charges on grounds that Landis was entitled to federal immunity from the state charges, and dismissed the criminal matter. The State of Oregon appealed the ruling, and the case is currently before the U.S. Court of Appeals for the Ninth Circuit. *State of Oregon v. Landis*, Case No. 25-447 (9th Cir.).

All parties believe that a temporary stay of this civil action while the criminal case remains active at the Ninth Circuit is warranted for two main reasons. First, because the criminal matter could be remanded for further criminal proceedings in State or Federal court, beginning discovery at this time poses a substantial danger of forcing Agent Landis to decide between invoking his Fifth Amendment right against self-incrimination, and providing testimony as a witness in this matter. Because Special Agent Landis remains a defendant in criminal proceedings with constitutional protections, the parties may be curtailed in the discovery that can be conducted while the criminal charges remain active. As a result, the parties will be prejudiced by an inability to conduct full discovery in this matter.

Second, staying this civil matter pending resolution of the criminal matter promotes

Page 2 – JOINT MOTION AND STIPULATION TO STAY CASE

judicial economy and conserves party resources. Because resolution of the criminal matter is necessary before full civil discovery can be conducted, staying the civil case will allow the parties to conduct full and complete discovery when the criminal matter is finally resolved, rather than having to proceed with discovery piecemeal. The parties believe that delaying this case until final resolution of the criminal matter will allow them to develop a full and streamlined litigation plan, and to conduct discovery fully without limitations.

For the foregoing reasons, the parties have stipulated that this civil matter should be stayed pending the outcome of the criminal matter in which Special Agent Landis is a defendant. The parties further agree that they will notify the Court immediately when the criminal proceedings have been finally resolved and the stay can be lifted. Accordingly, the parties request that the Court stay this matter.

Respectfully submitted this 18th day of June, 2025.

| | |
|---|---|
| BRIAN N. LATHEN | WILLIAM M. NARUS |
| | |
| */s/ Brian N. Lathen* | Acting United States Attorney |
| BRIAN N. LATHEN | District of Oregon |
| Attorney for Plaintiff | |
| | */s/ Sarah E. Feldman* |
| | SARAH E. FELDMAN |
| | Assistant United States Attorney |
| | Attorneys for Defendant United States of America |
| | |
| | CAPITOL LEGAL SERVICES |
| | |
| | */s/Aaron P. Hisel* |
| | AARON P. HISEL |
| | Attorneys for Defendants City of Salem and Salem Police Department |

Page 3 – JOINT MOTION AND STIPULATION TO STAY CASE